DUVALL *v.* FERWERDA.

1. SALES—CONTRACT—BREACH—DAMAGES—PROFITS.

   Where a contract for the sale of goods for resale is broken by failure to deliver, or delivery of goods not in accordance with the contract, the prospective profits of the purchaser, in so far as they are certain and capable of ascertainment, are recoverable.[1]

2. EVIDENCE—HEARSAY.

   Testimony by plaintiff that another told him that defendant had telephoned for plaintiff to perform certain services for defendant, defendant denying having requested the service performed, is inadmissible as hearsay.

3. SALES — DELIVERY — GOODS NOT IN ACCORDANCE WITH CONTRACT—RECOVERY OF VALUE.

   Where goods are delivered which are of less value than those contracted for, the seller is entitled to recover only their value unless they are accepted under the contract.

Error to Missaukee; Chittenden, J. Submitted February 14, 1906. (Docket No. 165.) Decided October 1, 1906.

Assumpsit by Clarence Duvall against John Ferwerda for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Reversed.

*E. F. Sawyer*, for appellant.

*F. O. Gaffney*, for appellee.

McALVAY, J. This suit originated in justice's court. It was appealed to the circuit court for Missaukee county, and tried before a jury. Plaintiff recovered a judgment. The action was in assumpsit for the price of certain wood sold to defendant and for hauling certain goods for de-

---

[1] For loss of profits of sale or purchase as damages, see note to *Guetzkow Bros. Co.* v. *A. H. Andrews & Co.* (Wis.), 52 L. R. A. 209.

fendant. Defendant under his plea of the general issue gave notice of recoupment. The facts are that plaintiff made an agreement to sell and deliver to defendant, loaded in the cars, certain dry beech and maple wood at the price of $1.40 per cord. There is a dispute as to the amount agreed to be delivered; defendant claiming that he bought and plaintiff agreed to deliver 100 cords. Plaintiff denies that any number of cords was agreed upon. Defendant had seen 42 cords of this wood which had been cut the year before. He had not seen the balance of the wood which was afterwards delivered. Defendant delivered 79 cords. The principal dispute in the case is whether 37 cords of the amount delivered was dry wood. It had been cut in September and October before the sale, which was made November 30th. All the wood was delivered on or before December 19th. Defendant sought to show that he had a contract with Grand Rapids parties to sell them dry wood at $1.60 per cord, and that was the price he received for the 42 cords of dry wood, and claimed a right to recoup 20 cents a cord on the balance of 100 cords as his loss of profits. He also attempted to show by his own testimony that of the amount delivered 37 cords brought only the price of green wood. At the time this shipment was made dry wood was bringing $1.60 per cord. Afterwards the price of wood fell so that there was no profit. It is clear he was not entitled to profits on the balance of the 100 cords he claimed to have purchased, but of the shipment made he should have been allowed to show as an element of damages the loss of profits on the portion which was green wood. He could testify of his own knowledge what he received for the wood, and there was evidence in the case of the value of green wood. These profits were easily ascertainable and certain. The court was in error in refusing to admit the testimony. *Fell* v. *Newberry*, 106 Mich. 542, and cases cited.

Defendant also assigns error upon the refusal of the court to strike out the testimony of the plaintiff as to what the

station agent had told him defendant said over the telephone about hauling one load of merchandise, on the ground that it was hearsay. Plaintiff testified that he requested the station agent to call up defendant and ask him if plaintiff should haul the goods for him, " So he called him up and then came to where I was unloading and said Ferwerda wanted me to take the load up there, so I did." The testimony was not admissible. If the station agent had been produced as a witness it would have been proper for him to testify as to the conversation he had over the telephone with defendant. Defendant denied that he had requested plaintiff to haul the goods, and plaintiff could not prove defendant's order by testifying to what the station agent reported to plaintiff defendant had said over the telephone. The testimony was hearsay and should have been stricken out.

Defendant requested the court to charge the jury:

" If the contract was to deliver dry wood, and instead of that the plaintiff delivered green wood, that such wood not being delivered upon contract the plaintiff could only recover the value of the wood at the time it was delivered, and they must take that into account and find a verdict for the value of the green wood provided they find it was not accepted by Mr. Ferwerda."

The court refused so to charge. Defendant was entitled to have this request given. It properly stated the measure of damages to be recovered for any green wood the jury might find had been delivered, provided they found such green wood was not accepted by defendant under the contract.

The judgment of the circuit court is reversed, and a new trial granted.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.